THE KANSAS PACIFIC RAILWAY CO. v. STREETER AND STRICKLER.

1. JUDGMENT; *Service; Notice.* There cannot be a valid personal judgment without notice. To sustain such a judgment there must be due service of legal process.

2. RAILWAY CORPORATIONS; *Condemnation of Lands.* Proceedings by railway company to obtain the right of way, are under the State laws, and those laws do not authorize any person through whose land said road may run, to take any steps to have the land condemned, and a valuation thereof made.

*Error from Davis District Court.*

JAMES W. STREETER AND S. M. STRICKLER presented their peti-
tion to the district court for the appointment of commissioners
to assess the damages sustained by them, as they alleged,
because of the construction of the railroad of the plaintiff in
error over certain lands of theirs. Their petition alleged that
the *Railway Company* was incorporated by an act of Congress,
(12 Stat. at Large, 489,) and they asked that the damages be
assessed according to the provisions of the act amendatory
thereof; (13 Stat. at Large, 356.) The court appointed the
commissioners, requiring them "to assess the damages accord-
ing to law." Their report was made and filed in the Davis
district court, and they assessed the damages of defendants in
error at $800, for which sum judgment was entered against
the *Railway Company*. No notice of the proceedings was
given to the *Railway Company*; and they bring the record
here by petition in error for review.

*J. P. Usher*, and *E. W. Dennis*, for plaintiff in error:

1. It appears that the commissioners were acting under
the requirements of the charter of the company, for they seem
to have taken into account the advantages and disadvantages
of the road to the land. (Kas. Ter. Laws of 1855, p. 914, § 8.)
Whereas by the petition asking for the assessment of them,
under the act of congress, the damages were to be the value
of the land, if the road was not built. (Sec. 3, of act of con-
gress, of July 2, 1864.)

2. The proceeding was not properly commenced. Under
the company's charter the land-owner has no remedy except in
trespass or ejectment, or may be by a proceeding to compel
the company to proceed to have the damages assessed. There
is no provision for the land-owner to petition for the appoint-
ment of commissioners.

3. The judgment is void. Notice of the proceeding was
required, whether the damages were assessed under the charter,
or the act of congress. It is a fundamental principle of the

law that there cannot be a valid personal judgment without notice.

4. If the proceeding is under the act of congress, the report is not in accordance with the act, and the case ought to be reversed for that reason, though a notice was not required.

*White & Austin*, for defendants in error.   No brief on file.

The opinion of the court was delivered by

KINGMAN, C. J.:   The defendants in error being the owners of several parcels of land in Davis county, presented a petition to the district court of that county for the appointment of commissioners to assess the damages sustained by them, because, as they alleged, of the injury done to their lands by the construction of the railway of plaintiffs in error over the same.   The commissioners were appointed and made their report, assessing the damages at $800.   Upon this report a judgment was rendered against the plaintiff in error for the amount thereof.   No notice whatever was given the Railway Company of this proceeding.   It would be a novel judicial proceeding whereby a man could obtain a judgment against another without any notice to him, and a proceeding not authorized by law.   For this reason the judgment must be reversed.

There is a more fatal objection.   The proceedings seem to have been taken under the acts of Congress; 12 Stat. at Large, 489; 13 id., 356.   We do not think these acts authorize this Railway Company to obtain the right of way though the lands of other persons.   The proceedings to do so must be taken under our State laws, and they do not authorize the owner of the land to take any steps to have the land valued.   His remedy is plain.   He can proceed in ejectment, or trespass, or get damages for use and occupation; and if he proceeds in time, by injunction.   The right of eminent domain, transferred by the State to a corporation for a public purpose, could hardly be used by the owner to sell his own lands at a valuation.   He does not know how wide the public necessities may require the

right of way through his land; and he cannot sell them one hundred feet when the necessity may be only for twenty-five because through other land the road needs one hundred feet.

The judgment is reversed.

VALENTINE, J., concurring.

BREWER, J., not sitting.