DAVID H. BOND v. CHARLES N. WILSON.

SERVICE OF PROCESS; *Sheriff's Return may be Impeached.* The general rule is, that as between parties to an action the return of the sheriff is conclusive, but this rule is not to be carried so far in cases of original process as to preclude an inquiry into the facts on which jurisdiction depends; and where the return of the sheriff is that a copy of the summons was left at the residence of the defendant, the court may hear and determine whether the place where the copy was left was, at the time, the residence of the defendant.

*Error from Bourbon District Court.*

BOND brought suit against *Wilson* to foreclose a mortgage. The summons was directed to the sheriff of Bourbon county, who made return thereof as follows:

"Served by leaving a certified copy of the original summons, with all the indorsements thereon, at the usual place of residence of the within named defendant, Charles N. Wilson, in my county, this 19th day of January, 1871."

At the March Term, 1871, the defendant appeared specially, and moved to quash and set aside such return; and in support of said motion the affidavit of Thomas L. Wilson was filed, in which affiant, after stating that he was the defendant's father, that defendant was unmarried, that the copy of said summons was left at affiant's residence, says:

"That said defendant *Charles N. Wilson* removed from the State of Kansas to the State of Missouri in the latter part of October, 1870, and has not resided in the State of Kansas, nor been in said State since that time; that on the 19th day of January, 1871, said defendant was not a resident of the State

of Kansas. Said defendant is in business in Missouri, has bought property there, and went away from Kansas with the avowed intention of changing his residence and locating permanently in Missouri."

The district court sustained the motion, and made an order setting aside the return. *Bond* excepted, and brings said order here for review.

*M. V. Voss*, for plaintiff in error:

The return of the officer is conclusive between the parties to the action, and can be contradicted only in a direct proceeding against the sheriff for that purpose: Gwynne on Sheriffs, pp. 473 to 477, and cases there cited.

The opinion of the court was delivered by

KINGMAN, C. J.: The sheriff's return on the summons in this case is, that it was executed "by leaving a copy thereof at the usual place of residence of the defendant." A motion was made to set aside the return. On this motion an affidavit was read which shows that the defendant is a non-resident, and had been for several months before this action was commenced, and had no residence in this State; that the copy of the summons was left at the house of the father of the defendant, who makes the affidavit. The court set aside the sheriff's return.

Can a sheriff's return be thus shown to be false? This is a subject much discussed in this country by the courts, and no uniformity of decision is to be found. It is a general rule of the English common law that the court will not try the truth of an officer's return on a motion to set aside the proceedings, but the party must resort to his action against the sheriff for false return: Comyn's Dig., *Return*, F, 2. The English rule is convenient, and under the practice there is not open to the objections that lie to it in this country where the statutes have made such radical changes in process as well as in practice. At common law the action was commenced by a service of the writ by the officer. The declaration was afterwards served by delivering a copy, and this service was to be proved by affidavit;

and unless special bail had been taken, the personal service of the declaration was necessary: Com. Dig., *Ret.*, *Pleader C*, 1; nor would a declaration be delivered till the defendant appeared or was in custody: Com. Dig., *Pleader*, *C*, 2. Under such a system a judgment without actual notice was almost an impossibility, and the rule as to the conclusiveness of the officer's return was founded in convenience, without likelihood of its working injustice. In the systems of practice adopted in this country, the safeguards being removed, it has become necessary to adapt the rule to the altered condition of the law. The sheriff not only executes original process by service upon the defendant personally, but by leaving a copy at his usual place of residence. The sheriff also determines whether a minor is over fourteen years of age, and serves accordingly. He also determines who is president, mayor, chairman, or chief officer of a board of directors; and also what is the usual place of business of a corporation, and who has charge thereof, and serves his process accordingly. Is his determination of such questions final? Must the defendant suffer the judgment to stand in such cases, and resort to his remedy against the officer? It must be borne in mind that no rights of third parties have intervened, but the only parties interested are before the court. The controversy is material, involving questions vital in their character, and going directly to the jurisdiction of the case. We find upon examination that the courts have generally held the sheriff's return an *mesne* and *final* process conclusive between the parties and privies, though this is by no means a rule of universal application; but that in cases of *original process* there has been a general disposition to let in the truth. This is still more necessary under article four of our code. Without further discussion we will refer to some of the adjudged cases to show that the original doctrine is much modified to correspond to the changes in our practice. In Connecticut the courts have always held the rule to be that the sheriff's return was only *prima facie* evidence: *Watson v. Watson*, 6 Conn., 334. In New Hampshire a case precisely like the case at bar arose, and the defendant was allowed to show the falsity

of the sheriff's return, as was done in this case: *Wendell v. Mugridge*, 19 N. H. 112. In *Rowe v. Table Mountain Water Co.*, 16 Cal., 441, it was held the return of the sheriff that the persons on whom the summons was executed were the president and secretary of the company was *prima facie* evidence that they were such officers, and in the absence of any showing to the contrary allowed the judgment to stand. In *Carr v. Commercial Bank of Racine*, 16 Wis., 50, the sheriff's return was served on "H. S. D., President," and judgment was taken by default. Upon affidavits showing that H. S. D. was not president or any other officer of the bank at the time of service, the judgment was set aside as rendered without first having jurisdiction of the person. See also *Smith v. Law*, 5 Iredell, 197; 4 Rand, 189; *Freeman v. Cruikshanks*, 3 McCord R., 84; *Fleece v. Goodman*, 1 Duvall, 306; *Castner & Hinckly v. Symonds*, 1 Minnesota. So far the authorities go. Our code has liberal provisions to prevent the multiplicity of suits when the matter in controversy can be settled in one action. In the course taken with this case in the court below the action was direct to settle the question in dispute, and was in the precise spirit of the code. To have refused to hear the affidavits and give judgment against a party not served, and drive him to an action against the sheriff for a false return for his redress, would neither have been justice nor in accordance with the code.

We are aware it is a question of evidence and not of pleading; but we know of no statute that makes a sheriff a final and exclusive judge of where a man's residence is, or what is the age of a minor, or who are the officers of a corporation, or where their place of business is; and when the statute made it the duty of the sheriff to ascertain these facts it did not make his return of such facts *conclusive*. Of his own acts his knowledge ought to be absolute, and himself officially responsible. Of such facts as are not in his special knowledge he must act from information, which will often come from interested parties, and his return thereof ought not to be held conclusive. How it may be on mesne and final process we

need not determine. In such cases both parties are in court and can have amendments to return made if the sheriff is convinced of his error. We only determine just the case before us. We think the court decided correctly, and the judgment is affirmed.

All the Justices concurring.