JOHN T. STARKWEATHER, *et al.*, v. EBENEZER MORGAN.

SERVICE OF PROCESS; *Impeaching Sheriff's Return; Evidence.* On a motion by one defendant to set aside a return of service of summons upon her, (the return of the sheriff showing personal service on each of the defendants, they being husband and wife,) the wife, who made the motion, testified that no copy of the summons was ever given to her, and that she had no knowledge of the pendency of the action till the time of filing the motion—the husband, that the sheriff gave him two copies of the summons, one directed to him and one to his wife, and requested him to give the latter to her, but that he did not give it to her as requested. The district court overruled the motion, and sustained the service; *Held,* that the return of the officer being of the highest order of evidence, and of matters within his

personal knowledge, was not so overborne by the testimony of the defendants as to justify this court in reversing the ruling of the district court.

*Error from Clay District Court.*

APPEAL, by *Starkweather* and wife, from an order of the district court, at the May Term 1874, overruling a motion to set aside the sheriff's return of service of a summons. The facts are set forth in the opinion.

*C. M. Kellogg,* for plaintiffs in error.

*Green & Hessen,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: On the 19th of March 1874, defendant in error commenced an action in the district court of Clay county against the plaintiffs in error, who are husband and wife, to foreclose a mortgage. The petition set forth a note signed by the husband, and alleged the execution of a mortgage by both. On the 21st of March a summons was duly issued, and returned on the 28th with an indorsement of personal service by the sheriff upon each of the defendants. Afterward, and at the May Term of court, the husband making no appearance or defense, the wife makes a motion to set aside the return of service upon her, and files in support thereof two affidavits, her own and her husband's. In her affidavit she swears that no copy of the summons was ever served upon her, and that she had no knowledge of the pendency of the action until the time of filing the motion. He swears that the sheriff gave him two copies of the summons, one directed to himself, and one directed to his wife, and requested him to deliver the latter to his wife; but that he did not deliver it. This statement is repeated twice in the affidavit, and with only this difference: the first time he swears that, on "the —— day of March 1874" the sheriff delivered to him "two copies of a summons in the above action;" the second, that "on the 27th day of March 1874" the sheriff delivered to him "two copies of a summons in the

above-entitled action which are copies of the summons upon which the sheriff has returned that he did on the 27th of March," etc. The return of the sheriff shows service on the 28th of March. The district court overruled the motion, and this is the error complained of. Counsel for plaintiffs in error rely upon the case of *Bond v. Wilson*, 8 Kas. 228, as authority for reversing the ruling of the district court. But we must differ with them for two reasons. In that, the matter thrown open to inquiry was one not within the personal knowledge of the sheriff, but depending upon the information he might receive. Here the matter was within his personal knowledge. He either did or did not give a copy of the summons to Mrs. Starkweather, and which he did he knew. In that case Ch. Justice KINGMAN, in the opinion uses this language: "We know of no statute that makes a sheriff a final and exclusive judge of where a man's residence is, or what is the age of a minor, or who are the officers of a corporation. * * * Of his own acts, his knowledge ought to be absolute, and himself officially responsible. Of such facts as are not in his special knowledge, he must act from information, which will often come from interested parties, and his return therefore ought not to be held conclusive." We have made this reference to that case, not for the purpose of deciding that the return of the sheriff is not open to question in matters of his personal knowledge, but to prevent any misunderstanding as to the extent of that decision. A second reason why we think that case not authority for reversing, but rather for affirming, the ruling, is, that the question, in whatever cases it may arise, is one of evidence. There the district court found from the evidence against the return, and set it aside. We affirmed its findings upon the evidence. Here it finds in favor of the return, and upon that question of fact we must sustain its findings. Looking at it in the light of the evidence, and the ruling of the court cannot be disturbed. On the one hand it is the return of the sheriff, a disinterested party, and a sworn officer, which, if not conclusive, is the strongest kind of evidence. On the other, the

denial of one witness, Mrs. Starkweather, corroborated to some extent by the testimony of her husband, both interested witnesses. The sheriff might on the 27th have given the two copies to Mr. Starkweather, and then on the 28th given one to Mrs. S., so that Mr. S.'s testimony only partially corroborates. At any rate, there is not enough testimony adverse to the return of the officer to warrant us in reversing the ruling of the district court, and it must be affirmed.

All the Justices concurring.

