## CHAMBERS BROS. & CO. v. THE KING WROUGHT-IRON BRIDGE MANUFACTORY.

1. VOID JUDGMENT; *Collection May be Enjoined.* An action may be maintained to perpetually enjoin the enforcement of a void judgment where such judgment appears to be valid and regular upon its face; and this is especially true where the judgment is also unjust.

2. —— Such an action may be maintained against any person who attempts to put such judgment in force, and who has apparent authority for so doing.

3. JURISDICTION — *Action to Enjoin.* The action may be maintained in any county in which an attempt is made (to the injury of the party seeking the relief) to put such judgment in force, although such judgment may have been rendered in another county.

4. —— *Void Judgment.* A judgment rendered against any person, where the court has no jurisdiction of such person, is void.

5. —— A court can obtain jurisdiction of a person for the purpose of rendering a judgment against him, only by the service of process upon him (actual or constructive,) or by his voluntary appearance in the case.

6. SERVICE ON CORPORATION ; *Agent, Clerk, Book-keeper.* A service of a summons on a person who keeps books for a corporation, but who is not the secretary or the clerk of the corporation, or any other officer or agent of the corporation upon whom a legal service may be made, is not a valid service upon the corporation. A service in such a case must be made upon the person *who holds the office* of secretary or clerk of the corporation.

7. SHERIFF'S RETURN — *When May be Impeached.* A sheriff's return with respect to service of original process may be impeached, so far as it states facts upon which jurisdiction depends, where the facts stated do not come within the personal knowledge of the sheriff, but must be ascertained by him from inquiry.

### Error from Shawnee District Court.

INJUNCTION, to restrain the collection of a judgment, brought by *The King Wrought-Iron Bridge Manufactory & Iron Works of Topeka,* against Chester Thomas, jr., as sheriff, and *Wm. Chambers* and four others as "*Chambers Bros. & Co.*" Trial at the June Term 1874. The district court found, as conclusion of law, that the judgment complained

of was void, and made a decree perpetually enjoining its collection. *Chambers Bros. & Co.* appeal, and bring the case here on error. All the material facts are given in the opinion.

*Green & Foster*, for plaintiffs in error:

1. The district court of Shawnee county has no jurisdiction to enjoin an execution issuing from the district court of Leavenworth county, on a judgment rendered therein, on account of any irregularities in obtaining the judgment, or defect of jurisdiction. 22 Wis. 482; 14 How. (U. S.) 584; 2 Edw. Ch. 289; 5 Sandf. 612; 16 How. Pr. 244; 2 Paige, 26; Hilliard on Inj. 180, § 4.

2. A court of equity will not enjoin an execution on a judgment at law, even though it may be void because of service on the wrong person; and more especially if the party against whom it is rendered, having notice of the action, neglects to take any steps to prevent the rendition of such judgment. High on Inj. §§ 89, 99, 131; 7 Wis. 595; 21 Cal. 438; 1 Beasley, 131; 26 Geo. 485; 17 How. (U. S.) 443; 9 Leigh, 478.

3. In an injunction suit to restrain the collection of a judgment claimed to be void because of the falsity of a sheriff's return, the testimony of a single witness ought not to be deemed sufficient to justify the allowance of the injunction, if it should be allowed at all, which we deny. Plaintiffs in error allege in their answer in the suit below, that Johnson (the person on whom service was had,) was the secretary of the defendant in error, duly authorized, etc. And in its reply, defendant in error says he was its bookkeeper, etc. By his testimony Johnson himself shows that he was a clerk, or book-keeper, performing the duties of the secretary. Hence we claim, that service on such clerk or book-keeper is a good service on the corporation; and that the reply not being verified, the allegations in the answer in reference to Johnson's being the secretary of defendant in error must be taken as true, (§ 108 of the code,) and that

the court erred in admitting the testimony of Johnson that he was not such secretary.

*Alfred Ennis,* and *C. M. Foster,* for defendant in error:

. 1. If this action can be maintained it was properly brought in Shawnee county. *Clay v. Hoysradt,* 8 Kas. 74. The district court of Shawnee county had jurisdiction: 15 Iowa, 171; 17 Iowa, 131. .

2. Johnson was not a person on whom service of summons could be made under § 68 of the civil code: Law Rep. 149; 16 M. & W. 438. And the return of the sheriff being false, the execution may be enjoined. High on Inj. § 126; 11 Humphrey, 523.

3. The. proof shows that the plaintiffs in error had no cause of action against the defendant in error, and for that reason there is nothing inequitable in enjoining the execution when there is no legal service. The judgment was valid on its face, and for that reason the authorities cited by the plaintiffs in error to the effect that equity will not enjoin "a void judgment," (meaning judgments void on their face,) are inapplicable. The reason for this doctrine in many of the states is, that a motion could be made to set aside the judgment, and the judge at chambers would have the power to stay execution; but under our code execution can only be stayed by injunction, or by order of the judge pending a motion for a new trial. But in the present case the defendant in error had no occasion to ask for a new trial. Its objection was to the jurisdiction of the court to try the case at all. The fact that Johnson notified the officers of the company, cuts no figure in the case. The service of summons was wholly unauthorized and illegal, and the defendant was under no legal or moral obligation to pursue any particular line of conduct. It owed no duty to plaintiffs in error, and they have no cause of complaint against defendant in error for waiting until judgment was rendered. They cannot complain that defendant in error did not go to a distant county to make a

motion to set aside the service, or to let its property be sold and then sue the sheriff for false return.

4. It is not admitted by the pleadings that Johnson was secretary of defendant in error. The petition alleges that no service was made on defendant in error, or any officer on which by law service could be made, ·and that service was not made in any manner prescribed by law. That was an affirmative fact alleged by defendant in error, and necessary to be proved by it in order to recover. The answer of defendant sets up a state of facts inconsistent with and contradictory to the facts set forth in the petition. It was not a confession and a voidance, and therefore not new matter; and therefore that part of the answer needed no reply. 8 Kas. 370.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought for the purpose of perpetually enjoining the enforcment of a judgment claimed to be unjust and void. The facts necessary to be considered in this case are substantially as follows: On the 10th of July 1873, plaintiffs in error, Chambers Bros. & Co., commenced an action against defendant in error in the district court of Leavenworth county. Summons was duly issued therein, and delivered to the sheriff of that county for service. The sheriff afterward returned the summons with the following indorsements thereon, to-wit:

Statement of facts.

"I received this summons on the 10th of July 1873 at 3 o'clock P.M.; and I served the same summons in my county of Leavenworth, Kansas, on the within-named defendant, The King Wrought-Iron Bridge Manufactory. and Iron Works of Topeka, Kansas, by delivering to Walter F. Johnson, the clerk and secretary of said defendant, personally, a copy of the written summons on this 10th of July 1873. I so served said summons as aforesaid upon said clerk or secretary, being unable to find, in the county of Leavenworth, Kansas, the president, chairman of the board of directors or trustees, or other chief officer of said defendant.                    T. L., *Sheriff,*" &c.

The statute provides that "A summons against a corpora-

tion may be served upon the president, mayor, chairman of the board of directors or trustees, or other chief officer; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent," etc. (Civil code, § 68.) The only objection to said service is, that said Walter F. Johnson was not clerk, or secretary, or any other officer, or agent, of the defendant, upon whom service of summons could be legally made. The defendant, which we shall designate as the "bridge company," made no appearance in the case. Afterward, and on September 1st 1873, the district court of Leavenworth county rendered a judgment in favor of the plaintiff and against the defendant, the bridge company, for the sum of $1,189.68. Another objection to this judgment is, that there was nothing due from the defendant to the plaintiff. Afterward, an execution was issued on said judgment by the clerk of the district court of Leavenworth county, and placed in the hands of the sheriff of Shawnee county for collection. Said sheriff immediately caused said execution to be docketed in the office of the clerk of the district court of Shawnee county, and then by virtue thereof levied on the property of the bridge company, greatly to its injury. The bridge company then commenced this action in the district court of Shawnee county against the sheriff of said Shawnee county, and against said Chambers Bros. & Co., the parties who obtained said judgment, to perpetually enjoin the enforcement of said judgment. A trial was had in the case in the district court of Shawnee county, and the court found in favor of the bridge company, and against Chambers Bros. & Co., and rendered a judgment perpetually enjoining the enforcement of said judgment. It was shown on the trial of the case that the present defendant in error, the bridge company, was a corporation at the time of said service of summons, doing business in the city of Topeka, Shawnee county; that said Walter F. Johnson was a book-keeper in their employ; that he was not the secretary, or clerk of the corporation, or any general agent thereof; in fact, that he held no position in the company, or from the

company, except that he merely kept books, under the secretary, as aforesaid; that he went to the city of Leavenworth, in Leavenworth county, to attend court as a witness in a bankruptcy case; that while there he was served with summons in said case as aforesaid, and when he returned from Leavenworth to Topeka, which was on the same day that he was summoned, he immediately told the officers of the bridge company that he had been so served with summons. It also appears that the debt claimed to be due to Chambers Bros. & Co., on which said judgment was rendered, was not the debt of the bridge company which is a party in this case, but it was a debt due from an entirely different corporation, a bridge company doing business at the city of Iola, Allen county. The said judgment and said execution, with all the proceedings connected therewith, appear to be regular and valid upon their face. With this statement of the facts we shall now proceed to decide the questions of law involved in the case.

I. An action may be maintained to perpetually enjoin the enforcement of a void judgment, where such judgment appears to be valid and regular upon its face; and this is especially true where the judgment is also unjust. *Caruthers v. Hartsfield*, 3 Yerger, 366; *Ridgeway v. The Bank of Tennessee*, 11 Humphrey, 523; *Crafts v. Dexter*, 8 Ala. 767. There are decisions apparently adverse to the above proposition; but generally such decisions are in cases which differ from this. They are generally in cases where the judgment is not void, but only voidable, or where it would be inequitable for the courts to interfere, or where a party has negligently slept upon his rights, or has some other plain and adequate remedy, or where the judgment itself is incurably void upon its face.

II. Such an action may be maintained against any person who attempts to put such judgment in force, and who has apparent authority for so doing.

III. The action may be maintained in any county in which

an attempt is made (to the injury of the party seeking the relief) to put such judgment in force, although such judgment may have been rendered in another county.

IV. A judgment rendered against any person, where the court has no jurisdiction of such person, is void.

V. A court can obtain jurisdiction of a person for the purpose of rendering a judgment against him, only by the service of process upon him (actually or constructively,) or by his voluntary appearance in the case.

VI. A service of a summons on a person who keeps books for a corporation, but who is not the secretary, or the clerk of the corporation, or any other officer or agent of the corporation upon whom a legal service may be made, is not a valid service upon the corporation. It is true, a book-keeper is in one sense a clerk. Any person who performs clerical duties is in one sense a clerk. But the service of a summons on a corporation cannot be made on every person who may in some remote sense be styled a clerk of the corporation. It could not be made on a deputy or under-clerk. It must be made on *the clerk*, the principal clerk of the corporation, if made on a clerk at all. It must be made upon the person *who holds the office* of clerk, or secretary, as the case may be. In proper cases a service on the person who holds the office of clerk or secretary of the corporation would be a good service, although such person might not in fact perform any of the clerical duties for the corporation. For instance, if the service had been made on Haywood, *the secretary* of the corporation in this case, instead of on Johnson, *a book-keeper*, the service would have been a valid service, whether Haywood performs any of the clerical duties or not. As the service was void however, everything following the service was also void.

VII. A sheriff's return with respect to service of original process may be impeached so far as it states facts upon which jurisdiction depends, where the facts stated do not come within the personal knowledge of the sheriff, but must be

ascertained by him from inquiry. (*Bond v. Wilson*, 8 Kas. 228; *Starkweather v. Morgan*, 15 Kas. 274.)

The judgment of the court below enjoining said judgment will be affirmed.

All the Justices concurring.