Gapen v. Stephenson.

---

JAMES Z. GAPEN, *et al.*, v. L. T. STEPHENSON.

1. PURCHASER AT SHERIFF SALE; *Assignment by Purchaser; Deed to Assignee.* Where B. is the purchaser of real estate at a sheriff's sale, and before the return of the execution or order of sale, B. assigns his bid and right therein to W., and notifies the sheriff of such transfer, and directs the sheriff to insert in the report of his proceedings the name of W. as the purchaser, and thereafter the sheriff files the execution or order of sale in the court with a return thereon that he sold the property thereon at the sale to W., he being the highest bidder therefor, and that his bid was the highest and best price offered, *held*, that on a motion to set aside the sale on account of the substitution of the name of W. as the purchaser for that of B., the actual bidder, the court did not err in overruling such motion, and that the court, on confirming the sale, properly ordered the deed to be made to W. *Held, also,* That the sheriff could not contradict his official return in the case by his oral testimony to the court.

2. MOTION TO SET ASIDE SHERIFF SALE; *Appraiser; Disqualification; Appearance Cures Error.* The fact that an appraiser summoned at the time of the attachment to inventory and appraise the attached real estate, is disqualified to act, is not a ground to set aside a sale made under an execution upon a final judgment subsequently rendered in the same action, where there is an appearance by the defendant in the case prior to the judgment.

3. ———— *Homestead; Judgment Against Husband Alone.* Where an action is prosecuted against G., and an order of attachment is issued

therein and a levy made thereunder upon real property claimed by G. to be his homestead, and G. files a motion to discharge the attached property for the reason that it is a homestead, and as such exempt from forced sale under any process in the case, which motion on due hearing is overruled by the court, and thereafter he and his wife interpose the same objection on a motion to set aside the sale after the judgment, *held*, that this court will not reverse the action of the court below in refusing to set aside the sale. *Held, also*, That the order of the court below, overruling the motion of the husband and wife to set aside the sale of the property sold upon execution, will not affect the ultimate rights of said moving parties, nor be a bar to an action to determine whether said property is a homestead, and, as such, exempt from forced sale under the execution issued in the case.

*Error from Montgomery District Court.*

ACTION by *Stephenson* against *James Z. Gapen.* An attachment at the commencement of the action (in August 1873) was issued, and levied on real estate. A motion by *Gapen* to discharge the attachment was overruled. Trial, and judgment in favor of *Stephenson*, at the September Term 1874, for $3,000, and interest, and costs, and lien of attachment on real estate continued, and decree for the sale of · attached property. Order of sale issued February 9th 1875. The sheriff's return shows that he "levied said writ" upon the real estate therein described, and caused the same to be duly appraised, and advertised, and that he sold the same on the 13th of March 1875, "for the sum of $1,700, cash in hand, to Thos. H. Wills," etc. On the report of the sheriff being made, a motion to confirm said sale was filed, pending which said *Gapen*, defendant, and *Myra E.* his wife, moved to set aside said sale. (This latter motion is copied in the opinion, *infra.*) On the 27th of March 1875, at the March Term, the district court overruled and denied the motion of *Gapen* and wife, and thereupon, by proper order, confirmed the sale of said real property. *Gapen* and wife excepted, and now bring the case here for review.

*Turner & Ralstin,* for plaintiffs in error.

*York & Humphrey,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Plaintiffs in error, by this proceeding, seek to reverse the order of the court below confirming the sale of the real estate made by the sheriff in the action. Upon the hearing of the motion to confirm, the plaintiffs in error interposed their motion to set aside the sale for the reasons—

"1st, That the sheriff returned Thomas H. Wills, as the purchaser at the sale, when in truth and in fact said Wills did not bid upon nor purchase the real estate at the sale, but one H. M. Bradley bid upon and was the purchaser of the property for himself, and not for Wills:

"2d, That the attachment proceedings in the suit, in which, after the judgment, the sale was made, were irregular, and not according to the provisions of law, as one of the persons selected and summoned by the sheriff to make an appraisement of the property attached was not a householder at the time of his selection, nor at the time of the appraisement under the attachment:

"3d, That the real estate was at the date of the attachment, at the time of the judgment, and on the day of sale, the homestead of plaintiffs in error, and still continues to be their homestead, and is exempt from forced sale under any process of law; and that the judgment upon which the real estate was sold was not obtained for the payment of any obligation contracted for the purchase of the premises, nor for the erection of improvements thereon, nor was the execution issued to enforce any lien given by the consent of plaintiffs in error."

The sale was ordered to satisfy a judgment wherein L. T. Stephenson was plaintiff, and James Z. Gapen was the only defendant. An order of attachment was issued and levied upon the land at the commencement of the action. Before the trial of the cause, the said James Z. Gapen moved to dissolve the attachment, assigning many causes, but including two of the grounds contained in the motion to set aside the sale, viz., that the land attached was the debtor's homestead, and that the appraisement in the attachment-proceedings was irregular, as one of the appraisers was not a householder.

I. In support of the allegation that H. M. Bradley was the highest bidder at the sale and the purchaser, the court be-

low permitted the sheriff to testify, that he made the return of sale in the name of Thos. H. Wills, upon the written order of Bradley, who was in fact the purchaser of the property sold upon execution. The order of Bradley to the sheriff was to the effect, that he had transferred the purchase made by him of the Gapen farm to Thos. H. Wills, and directing the sheriff to make his report of sale so that the confirmation would be in the name of Wills. The return upon the order of sale contradicts the statement of the sheriff, as therein the report is made, that he "sold at public auction the property for the sum of seventeen hundred dollars to Thomas H. Wills, he being the highest bidder, and the sum of $1,700 being the highest and best price bid for the land." The sheriff might have been permitted by the court to have amended his return if it had been thought necessary, but the return could not be contradicted in this manner, and the first reason given for setting aside the sale is entirely insufficient. *Bond v. Wilson*, 8 Kas. 228; *Starkweather v. Morgan*, 15 Kas. 274. It seems also well settled, if the sheriff had made a return upon the order of sale, in accordance with the facts within his own personal knowledge, that upon a sale to Bradley, the deed could be made to Wills. The purchaser may at any time before the confirmation of the sale assign his bid to another, and the act will be confirmed by the court. *Lessee of Ewing v. Higby*, 7 Ohio 198, 204; *Thompson v. Manama*, 2 Disney's Rep. 213; *Jamison v. Indor*, 3 B. Mon. 357; *Frizzle v. Beach*, 1 Dana, (Ky.) 212.

*1. Purchaser at sheriff sale; assignment of bid. Deed to assignee.*

II. The fact that an appraiser summoned at the time of the attachment to inventory and appraise the property, was disqualified under the law to act, is no ground to set aside a sale made under an execution upon a final judgment subsequently rendered in the action in which the property sold was levied upon under the order of attachment. Where there has been a general appearance by a defendant in the case prior to such judgment, any mere irregularity in the service, or proceedings under a

*1. Appraiser; attachment proceedings; error cured.*

writ of attachment, not taken advantage of by the defendant contesting the action prior to the trial, is waived, and after judgment is no longer any matter of complaint. Sec. 228 of the code (Gen. Stat. 1868, p. 672,) giving authority to discharge an attachment as to the whole or a part of the property attached, prescribes that the defendant is to make the motion before judgment. After judgment, and a decree to sell the attached property, the object of the appraisement under the process of attachment has been accomplished—the appraisement has become, so to speak, *functus officio*. Before a sale can be made under the order of the court on the judgment, another appraisement of the real estate must be had. In this case however, a motion to dissolve the attachment, and discharge the property attached, was made within the time prescribed, but as no error is assigned thereon we do not consider this question in this opinion.

III. The last question to be considered is, whether under the circumstances, the sale should have been set aside upon the motion that the property was the homestead of said James Z. and Myra E. Gapen. Myra E. Gapen was not a party to the action in which the attachment was issued, the judgment rendered, or the sale made. None of her rights could be prejudiced by any judgment, decree, or order of the court to which she was neither a party nor privy. If the farm in controversy is a homestead, in a proper proceeding the wife can be fully heard, and the law will give her a time, and place, and tribunal to establish her legal claims. This court has already held that a judgment rendered against the husband alone is not a lien on the homestead. *Morris v. Ward*, 5 Kas. 239. The fact that the wife joins her husband in the motion to set aside the sale, does not make her a party to the suit, and we must disregard her appearance in the matter, and consider the case the same as if the motion had been filed by James Z. Gapen alone. After Gapen had introduced all his evidence to support the motion to discharge the property as a homestead, Stephenson then offered in answer thereto the mo-

3. Homestead; judgment against husband alone.

40—17 KAS.

tion heretofore filed in the case to discharge the attachment, and the order of the court overruling the motion. The motion to set aside the sale, because the property was a homestead, was virtually a renewal of the motion previously made by Gapen, and overruled by the court to discharge the attached property. While the doctrine of *res adjudicata,* in its strict sense, does not apply in this case, still, as the motion was once denied, and exceptions could have been taken thereto, and as the decision of the motion will not affect the ultimate rights of the parties in a regular suit involving the same issues, we see no cause for the interference of this court to reverse the order of the court below overruling the motion on the point presented, that the property is a homestead. "The court must be allowed a reasonable discretion in each case, in determining what shall, and what shall not be sufficient ground to set aside a sale." *White-Crow v. White-Wing,* 3 Kas. 276.

The order of the court below is affirmed.

All the Justices concurring.