HANS HANSON v. A. L. WOLCOTT.

1. VOID JUDGMENT, *May be Vacated on Motion, at any Time.* A void judgment may be vacated and set aside at any time, on motion of the defendant, without advising the court that the defendant has a valid defense to the action in which the pretended judgment is rendered.

2. ——— Sections 572 and 575 of the civil code of 1868, commented upon, and explained.

*Error from Wyandotte District Court.*

IN January 1874, *Wolcott* commenced an action in the district court against two parties, each named *Hans Hanson.*

The summons in the action was in due form against both defendants, and was directed to the sheriff of Wyandotte county, whose return on said summons is as follows:

"Received this summons on the 9th of January 1874, and served the same in my county by giving to and leaving with Hans Hanson personally a true copy thereof, and by leaving at the usual place of residence of Hans Hanson a true copy thereof, on the 17th of January 1874."

Defendants having made default, judgment in favor of *Wolcott* and against both *Hansons* was rendered on the 9th of March 1874.

On the 8th of December 1875, "*Hans Hanson*, defendant second named in the above entitled cause," appeared "specially to contest the jurisdiction of said court over his person," and filed his motion "to set aside the judgment rendered by default on the 9th of March 1874 against this defendant," alleging that no service of summons had been made on him. On the hearing of this motion it was shown that "*Hans Hanson*, defendant first named," had resided in Wyandotte county in 1873 and 1874, and that "*Hans Hanson*, defendant second named," had not been personally served, and had never resided in Wyandotte county, but had resided in Kansas City, Mo., from July 1873, until late in the fall of that year, and then went to Wisconsin, where he remained a long time, being in Wisconsin during the whole of the month of January 1874. He made proof also, that he did not know of the existence of the suit against him, nor of said judgment, nor of any proceedings therein, until shortly before he filed his motion to set such judgment aside. Said motion was heard at the December Term 1875 of the district court. The motion was overruled and denied, and *Hanson* brings the case here on error.

*Milton Campbell*, for plaintiff in error.

*Cobb & Alden*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is conclusively shown in this action, within the decision of *Bond v. Wilson*, 8 Kas. 228, that the

judgment of the court below was rendered against the plaintiff in error without any service of summons upon him, and that the judgment is void, as the district court had no jurisdiction of the person of said Hans Hanson. Under these circumstances, the district court erred in refusing to vacate said judgment on the motion of plaintiff in error. Counsel for defendant in error contend, that the motion to vacate the void judgment was properly overruled, because the court below was not advised of any valid defense. It is true, that section 572 of the civil code provides that a judgment shall not be vacated on motion, or petition, until it is adjudged that there is a valid defense to the action; but this section in the nature of things does not apply to judgments rendered by a court having no jurisdiction of the person of the defendant, and where the judgment, so called, is a nullity. Independent of sections 572 and 575, the court has the power to vacate void judgments. The addition of the clause in section 575, gives no additional power to the court. It simply enunciates a power it always possessed. The previous decisions of this court fully sustain this conclusion, if any authorities need be cited in favor of so salutary a determination. *Foreman v. Carter*, 9 Kas. 674; *Chambers v. King Wrought-Iron Bridge Manufactory*, 16 Kas. 270.

The order of the district court, overruling the motion to set aside the judgment, will be reversed.

All the Justices concurring.