J. M. McNEILL v. JOHN S. EDIE, *Sheriff of Osage County,* AND THE OSAGE CITY SAVINGS BANK.

PERSONAL JUDGMENT, *When Void; Officer's Return; Injunction.* It is settled as the law in this state, that a personal judgment entered without notice to the defendant is rendered without jurisdiction, and is consequently void; that an officer's return of service of original process may be impeached in a direct proceeding after judgment, where the return states facts which do not come within the personal knowledge of the officer; that an action to perpetually enjoin a judgment is a direct attack upon the judgment, and that such an action may be maintained to enjoin the enforcement of a void judgment, appearing to be valid and regular upon its face.

*Error from Osage District Court.*

AT the November Term, 1875, of the district court, *Edie,* as sheriff, etc., and the *Osage City Savings Bank,* as defendants, had judgment against McNeill, as plaintiff, who brings the case here. The facts are sufficiently stated in the opinion.

*James Rogers, E. M. Sanford,* and *A. B. Cooper,* for plaintiff in error.

*Ellis Lewis,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On November 9, 1874, the Osage City Savings Bank commenced an action against J. M. McNeill, in the district court of Osage county, setting forth in its petition a cause of action upon a certain promissory note, dated June 12, 1874, of the sum of $209, payable ninety days after date, to the Osage City Savings Bank, and executed by said McNeill. The summons issued in the case was returned on the 13th day of November, 1874, with the following indorsements thereon:

"SHERIFF'S OFFICE, OSAGE COUNTY, KANSAS.

"Received the within summons the 9th day of November, A. D. 1874, at 10 o'clock A. M., and served the same on the following within-named J. M. McNeill, on the 11th day of Nov., A. D. 1874, by leaving a certified copy of the within summons, with all the indorsements thereon, at his usual place of residence.       J. S. EDIE, *Sheriff of Osage County.*

"*By S. H. Rambo, Deputy Sheriff.*

"Fees: Service and return, 50c.; mileage, $2."

Afterward, and on the 22d day of May, 1875, the bank recovered a personal judgment against said McNeill, for the full amount claimed, and all costs. Thereon an execution was issued, and delivered to John S. Edie, as sheriff, who levied upon a large amount of property belonging to McNeill. On the 9th of August, 1875, and while the execution was still in the hands of the sheriff, the said J. M. McNeill instituted his action against the Osage City Savings Bank and John S. Edie, to restrain the collection of the judgment and the enforcement of the execution, on the ground that the judgment was rendered without notice, and is therefore absolutely void. Among other things contained in the petition, it was stated, that said McNeill is, and ever since the 5th day of June, 1874, has been, a non-resident of the state of Kansas; that ever since the 5th day of June, 1874, he has resided in the city of Washington, in the district of Columbia, and that during all of said time his only business and only place of business has been in the said city of Washington; that dur-

ing that time he has had no usual place of residence in the state of Kansas, and at the time of the pretended service of summons on him, he was at his residence and place of business in the said city of Washington; that he had no notice of the pendency of said action of the bank against him, and knew nothing of such proceeding until about the first of August, 1875.

On the 21st of August, 1875, the sheriff and the bank filed a joint demurrer to the petition, upon the ground that it did not state facts sufficient to constitute a cause of action. At the November term of the district court for 1875, the court sustained the demurrer of defendants. The plaintiff excepted, and brings the case here.

The questions presented are: Whether, upon the allegations of the petition, the judgment is void? and, if so, has the plaintiff a remedy by injunction?

To answer these questions in the affirmative, we need only refer to the previous adjudications of this court. These decisions have settled the law in this state to be, that a personal judgment, rendered without notice to the defendant, is rendered without jurisdiction, and is consequently void; (*Case v. Hannahs*, 2 Kas. 490, 496; *K. P. Rly. Co. v. Streeter*, 8 Kas. 133; *Butcher v. Bank*, 2 Kas. 70;) that an officer's return of service of original process may be impeached in a direct proceeding after judgment, where the return states facts (as in this case) which do not come within the personal knowledge of the officer; (*Bond v. Wilson*, 8 Kas. 229; *Chambers v. Bridge Manufactory*, 16 Kas. 270; *Hanson v. Wolcott*, 19 Kas. 207;) that an action to perpetually enjoin a judgment is a direct attack upon the judgment; (*Mastin v. Gray*, 19 Kas. 458;) and finally, that an action may be maintained to enjoin the enforcement of a void judgment, notwithstanding the judgment appears to be valid and regular upon its face; (*Chambers v. Bridge Manufactory*, 16 Kas. 270; *Mastin v. Gray*, supra.)

In view of these decisions of this court, it is clear that there is error in the record.

The order and judgment of the district court will be reversed, and the case remanded with directions to overrule the demurrer of defendants.

All the Justices concurring.