## JOHN W. JONES, *as Sheriff of Reno County, et al.*, v. W. R. MARSHALL.

### No. 84.

1. SUMMONS — *Service* — *Insufficient Copy.* Where the paper purporting to be a copy of a summons left at the usual place of residence of the defendant by the sheriff fails to state the name of the plaintiff, the answer day, is not dated, does not have the name of the clerk signed thereto, and has no indication of a seal thereon, *held*, that the purported copy is not a sufficient notice to the defendant to give the court jurisdiction over his person, and a judgment rendered against him upon such notice only is void.

2. SHERIFF'S RETURN *May be Questioned.* A sheriff's return of original process may be questioned and the truth shown as to the facts upon which jurisdiction depends.*

MEMORANDUM.— Error from Reno district court; L. HOUK, judge. Action by W. R. Marshall against John W. Jones, as sheriff of Reno county, and The First National Bank of Hutchinson, Kansas, to enjoin the enforcement of a judgment. Judgment for plaintiff. Defendants bring the case to this court. Affirmed. The opinion herein, filed February 6, 1896, states the material facts.

*W. M. Whitelaw*, for plaintiffs in error.
*Davidson & Williams*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: This is an action brought in the district court of Reno county, Kansas, by W. R. Marshall, as plaintiff, against John W. Jones, as sheriff of Reno county, and the First National Bank of Hutchinson, Kansas, as defendants, in which he asks to have the defendants enjoined from further proceeding with the attempted enforcement of a judgment rendered

---

*See *Goddard v. Harbour*, 56 Kan. 744, which was decided by the supreme court subsequently to the filing of this opinion. — REP.

against him by default, in favor of said bank, on its cross-petition filed in an action begun in said court on July 6, 1889, in which Virgil Bull was plaintiff and Amos H. Robinson, Elvira H. Robinson, John W. McGuire, Velasco P. Caffrey, J. H. Lawson, W. R. Marshall, P. B. Price, the First National Bank of Hutchinson, the Hutchinson Union Stock Yards Company, Martha Musick, the Hutchinson National Bank and J. H. Harris were defendants. The summons in that case as returned by the sheriff shows that service was had upon W. R. Marshall by leaving a copy thereof, with the indorsements thereon duly certified, at his usual place of residence. The paper actually left contained only the following words:

"State of Kansas, Reno county, ss. The State of Kansas, to the Sheriff of Reno county, greeting: You are hereby commanded to notify Amos H. Robinson, Elvira H. Robinson, John W. McGuire, Velasco P. Caffrey, J. H. Lawson, W. R. Marshall, P. B. Price, First National Bank of Hutchinson, Hutchinson Union Stock Yards Company, Martha Musick, Hutchinson National Bank and J. H. Harris that he has been sued in the district court within and for the county of Reno, in the ninth judicial district of the state of Kansas, and must answer the petition filed by the plaintiff on or before the —— day of —— A. D. 189—, or the said petition will be taken as true and judgment rendered accordingly. And return this writ on the —— day of —— A. D. 189—.

"In witness whereof, I have hereunto set my hand and affixed the seal of said court, at my office in Hutchinson, in said county, this —— day of —— A. D. 189—.

*Clerk of District Court of Reno County.*"

Upon the back thereof also appear the following certificates or indorsements:

"Virgil Bull v. Amos H. Robinson et al. If the defendant fail to answer, the plaintiff will take judg-

ment for $1,000, less $280, with interest thereon at the rate of 12 per cent. per annum from the 2d day of June, A. D. 1884, and costs of suit foreclosure trust deed.          JNO. B. VINCENT, *Clerk.*

"Issued July 6, 1889; returnable July 16, 1889; filed ———, 189—.          JNO. B. VINCENT, *Clerk.*

"State of Kansas, Reno county, ss. I hereby certify the within to be a true copy of the original summons, with the indorsement thereon.

                    DAN. E. MILLER, *Sheriff."*

There is no controversy as to the facts in this case. All agree that the only paper served is the one above set out. The deputy sheriff who served the paper testifies that what he served he supposed was a copy of the original summons, and that the supposed copy is the only paper he did serve. By the undisputed evidence in the case, the judgment is unjust. It appears in evidence that Marshall and others became sureties for some money owing by one V. P. Caffrey, and were compelled to and did pay the same; that the said Caffrey, to secure them, made and placed upon record the deed, by which they are charged with assuming and agreeing to pay the mortgage debt, without Marshall ever having seen it or knowing of its contents or consenting thereto, and that he never assumed, agreed to pay or contracted the debt for which judgment was rendered against him. The court granted its temporary injunction as prayed, and, on the final hearing thereof, made the same perpetual. The defendants bring the case here for review.

There are but two questions raised in the briefs, and a decision of them is all that is required to determine this case. The questions are: (1) Was the paper left at the residence of Marshall a sufficient copy of the summons to give the court jurisdiction of his person? (2) If not, can the sheriff's return be

impeached in a suit for an injunction perpetually to restrain the collection of the judgment rendered without such jurisdiction? We will first proceed to decide the sufficiency of the copy of the summons, and answer the first question. The determination of this point involves a construction of paragraphs 4138 and 4143 of the General Statutes of 1889, which read as follows:

"4138. The summons shall be issued by the clerk upon a written precipe filed by the plaintiff, shall be under the seal of the court from which the same shall issue, shall be signed by the clerk, and shall be dated the day it is issued. It shall be directed to the sheriff of the county, and command him to notify the defendant or defendants named therein that he or they have been sued, and must answer the petition filed by the plaintiff — giving his name — at a time stated therein or the petition will be taken as true and judgment rendered accordingly; and where the action is on contract for the recovery of money only, there shall be indorsed on the writ the amount, to be furnished in the precipe, for which, with interest, judgment will be taken if the defendant fail to answer. If the defendant fail to appear, judgment shall not be rendered for a larger amount and the costs."

"4143. The service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence at any time before the return-day."

Is the copy to be served by the sheriff to be construed with the same strictness as the original summons? The original summons is a writ commanding the sheriff to do certain things. It commands him to notify the defendants named therein that they have been sued and must answer the petition filed by the plaintiff, giving his name, at the time stated therein, or the petition will be taken as true, and judgment rendered accordingly. He is to notify them by de-

livering a copy of the summons to the defendant or by leaving one at his usual place of residence at any time before the return-day. We apprehend that the sheriff must obey this command before the court can have jurisdiction of the defendant. In this case he must have notified Marshall that he had been sued by Virgil Bull, and that the answer-day was the 5th day of August, etc. This he failed to do. It may be that the sheriff could leave out some of the things which the summons must contain to be a legal command to him, and yet the copy served give the court jurisdiction over the person of the defendant, and the judgment be only voidable; but surely he cannot leave out of the copy the vital things of which he is commanded to give the defendant notice without rendering the judgment void.

We shall presume the sheriff had a legal summons, although the copy contained in the record as being a copy of the one introduced in evidence by the plaintiff in error contains no seal or copy thereof, or anything indicating one. The fault then lies wholly with the sheriff; but does that help the matter? Suppose he had notified some one else, or had left the copy at the usual place of residence of some other person, or suppose he had not served it at all, or suppose he had got the copy mixed with his copies in some other suit, and had served Marshall with a copy of a summons in the case of John Doe v. Richard Roe : none of these things would be sufficient notice to give the court jurisdiction over the person of Marshall. We therefore must hold that the purported copy was not a sufficient notice to Marshall to give the court jurisdiction over his person. It, therefore, follows that the judgment rendered in this case against Marshall is void. "A judgment rendered against any person, where the

court has no jurisdiction of such person, is void."
(*K. P. Rly. Co. v. Streeter*, 8 Kan. 133 ; *Chambers v.
Bridge Manufactory*, 16 id. 270 ; *Litowich v. Litowich*,
19 id. 451.)

We will now take up the second question, to wit : Can
the sheriff's return be impeached in an action for an
injunction perpetually to restrain the enforcement of
the judgment rendered without a sufficient notice?
Whether the copy served by the sheriff is or is not a
true copy is a question of fact. It either is, or is not,
a true copy. The return of the sheriff upon a sum-
mons in which he states that it is a true copy is a very
high class of evidence. The plaintiff in error con-
tends that it is evidence of such a high character that
it cannot be disputed. This used to be the rule when
the service of the writ to obtain jurisdiction of the
person was the first thing done in the commencement
of an action. Since that time we have changed the
practice, and the petition is the first step to be taken
in the commencement of an action, and the reason for
the old rule is gone. Then jurisdiction of the person
was first obtained and the claim set up afterward.
Now the claim is first set up and jurisdiction of the
person obtained afterward. In Kansas, our supreme
court has permitted the return to be questioned, and
the truth to be established, but in each case that has
been before it the fact certified to by the sheriff was
not a fact necessarily within his personal knowledge,
but might have been ascertained by him upon inquiry.
Such is the age of a minor, the usual place of resi-
dence of the defendant, the proper officer of a corpo-
ration or its place of business. (*Bond v. Wilson*, 8
Kan. 228 ; *Starkweather v. Morgan*, 15 id. 274 ; *Cham-
bers v. Bridge Manufactory*, 16 id. 270, and cases
therein cited.)

A summons being an original process by which the court obtains jurisdiction of the person of the defendant,. his rights thereunder ought to be jealously. guarded.   A person's rights should not be adjudicated · or his property taken from him without his knowledge unless he has been negligent in protecting his rights.   It is clear that a court should have jurisdiction of the person of the defendant before it attempts to adjudicate his rights or take his property from him. If the court has attempted to adjudicate the rights of a person, it ought to be permitted to inquire whether it actually had such jurisdiction.   The authorities are not uniform upon this question, but the greater weight of authority in states having a procedure similar to ours and the better reasoning seem to uphold the right of the court to let in the truth.   The case at bar is a strong one to uphold the justness of permitting the truth to be shown.   In this case the plaintiff's return says a true copy was served.   The paper actually served was practically no copy at all.   The deputy sheriff who served it says he supposed he served a true copy, but the supposed copy is all he did serve. Shall the sheriff's return in this case be such a high class of evidence as to establish the truth of its recitals?   If so, then it is sufficient to establish a falsehood for truth.   This should not be allowed upon an original process.   We think the proper rule for Kansas may be laid down as follows :  A sheriff's return of original process may be questioned and the truth shown as to the facts upon which jurisdiction depends. This brings this case clearly within the rule laid down in *Chambers v. Bridge Manufactory*, 16 Kan. 270.   It is there held that " an action may be maintained to perpetually enjoin the enforcement of a void judgment, where such judgment appears to be valid and

regular upon its face; and this is especially true where the judgment is also unjust.''

The judgment of the district court is affirmed.

All the Judges concurring.