# H. HACKFELD & CO., LTD., A CORPORATION, *v.* J. COERPER.

## APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

SUBMITTED JANUARY 23, 1908.     DECIDED FEBRUARY 4, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

PROCESS—*summons—amendment.*

> After service of a district court summons by delivery of a copy it can be amended by inserting the magistrate's name.

### OPINION OF THE COURT BY HARTWELL, C.J.

The plaintiff brought an action in the district court of Honolulu upon the defendant's promissory note, a statement of the demand, including a copy of the note, being set forth in the original writ signed by the magistrate and issued out of the district court and which, in the usual form, is brought in the name of the Territory, is directed "To the High Sheriff of the Territory of Hawaii or his deputy or Sheriff of the County of Oahu or his deputy or any police officer of the District of Honolulu, County of Oahu, Territory of Hawaii," commanding them to "summon J. Coerper, defendant, if he can be found in the district, to appear before me at my court room in Honolulu on Friday the 6th day of December, 1907, at 1:30 o'clock, P. M., to show cause," etc., and contains the following direction: "Notify said defendant that if he fails to attend at the above named time and place judgment will be entered against him ex parte by default." The process was returned December 3, 1907, endorsed by the deputy high sheriff: "Served the within summons on J. Coerper, therein named as defendant, by handing him a true and attested copy thereof and at the same time showing him the original at Honolulu, Oahu, this 3d day of December, 1907." December 6 the defendant moved that

the service of summons be quashed on the ground that the copy served upon him does not contain a copy of the signature of the magistrate, basing the motion upon the affidavit of his attorney that the purported copy filed with the motion and which does not contain a copy of the signature was the copy served. The motion was granted, the magistrate denying the plaintiff's motion that the copy be amended by inserting the magistrate's name, and thereupon the case was dismissed. The plaintiff appealed to this court, claiming error and abuse of discretion in overruling his motion to amend and error in granting the motion to quash.

The plaintiff claims that the statute, Sec. 1563 R. L., making it the duty of the high sheriff and sheriffs to "execute all lawful precepts and mandates directed to them by any judge," requires service of the process and that in the absence of a statute prescribing the manner and mode of service the law requires "serving the defendant with a copy of the process, showing the original if he desires it." *Goggs v. Huntower,* 8 M. & W. 502. In *McNab v. Bennett,* 66 Ill. 161, cited for the contention that service is requisite in order to execute process, the court said: "Service under our law means to read the writ to the party," and held that a return to a capias, "I have executed the within writ by arresting the defendant," was not lawful service. The case does not appear to be in point upon the question whether the defendant was properly notified to appear by showing him the original writ and handing him a copy which, while accurate in other respects, omitted the magistrate's signature. Service "implies something in the nature of an act or proceeding adverse to the party served or of a notice to him." *U. S. v. McMahon,* 164 U. S. 87. "Service, in one sense, may properly be said to be anything done by virtue of the authority contained in the writ," and, "as applied to the commencement of a writ, is that notice given to the defendant which makes him a party to the proceeding and makes it incumbent on him to appear and answer to the cause or run the risk of having a valid judgment

rendered against him in consequence of his default." *Sanford v. Dick,* 17 Conn. 215.

As the object of the summons is to require the presence in court of the party sued and apprise him of the time when he is ordered to appear and the nature of the claim he is to meet, we think that the defendant was sufficiently apprised that the original writ had been issued by the magistrate and sufficiently notified that judgment would be entered against him if he failed to attend at the time and place named. As said in *McCoun v. R. R.,* 50 N. Y. 183. "The chief purpose of this summons is to get the defendant into court." It is true that ordinarily "a written notice can only be served by delivery of the original or an authenticated copy." *Hart v. Gray,* 3 Sumner 339, but "the cases have not all been decided in conformity to that rule." Wade on Notice, Sec. 1442. In *Hildreth v. Lowell,* 11 Gray 345, an ordinance requiring notice in writing to be given to owners of property across which it was intended to lay out a drain was held to be sufficiently complied with by personal notice to the owners and posting copies of notice at public places in the city. It is sufficient service of a district court summons to deliver a copy although not certified. *Maiie v. Tax Assessor,* 18 Haw. 310.

There is no reason why the copy should not have been amended even if the defendant had appeared specially, as he did not do, to get the summons quashed.

On the ground that the motion to amend should have been granted the order denying it is reversed, judgment vacated and the cause remanded for further proceedings.

*Thompson & Clemons* for plaintiff.

*E. C. Peters* for defendant.