# HENRY BICKNELL *v.* H. L. HERBERT, DEFENDANT, WM. HENRY, WM. HENRY AS SECRETARY OF BENTON G. MINING CO., GARNISHEES.

### APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

ARGUED APRIL 6, 1910.                    DECIDED APRIL 14, 1910.

## HARTWELL, C.J., PERRY AND DE BOLT, JJ.

JUDGMENT—*motion to set aside.*

Sufficiency of evidence to support a finding by a district magistrate cannot be inquired into on a motion to set aside judgment made six months after judgment.

PROCESS—*service by publication.*

Act 34, S. L. 1909, relating to service by publication, does not apply to district courts.

PROCESS—*substituted service—leaving at last place of abode.*

A and his family occupied a dwelling at Waikiki, Honolulu, and then left the Territory with intention of abandoning his residence in Hawaii and establishing a home in Australia. Subsequently he returned to Honolulu on business, remaining one month and occupying a room at 184 S. Hotel street. Held, the latter was his "last and usual place of abode" within the meaning of R. L., Sec. 2114.

CONSTITUTIONAL LAW—*due process of law—substituted service.*

The provision of R. L., Sec. 2114, for service on the principal defendant by leaving a copy of the summons at his last and usual place of abode meets the requirement of the Constitution as to due process of law.

### OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit instituted in the district court of Honolulu for $96 and interest, attorneys' commissions and costs. The declaration was dated June 30, 1909, and summons was issued the same day returnable July 2, 1909. Service of the summons was made on William Henry personally and as secretary of the Benton G. Mining Company, garnishee, on June 30, 1909. No personal service was made on the prin-

cipal defendant, who at that time was without the Territory of Hawaii; nor was there any service on him by publication. The only service which was made on the principal defendant was by leaving a copy of the summons at his last and usual place of abode. At the trial no appearance was made of or for the defendant. On July 2, the testimony of plaintiff and of William Henry having been received, judgment was rendered for the plaintiff against the defendant and the garnishee in the sum of $134.57. No appeal was taken or writ of error sued out to review the correctness of the judgment. On December 31, 1909, the principal defendant, appearing specially for the purpose by Messrs. Castle & Withington as his attorneys, presented a motion to quash service and to set aside the judgment on the grounds: "(1) that on the face of the record there are not sufficient facts to warrant either a judgment against this defendant or against said garnishees; (2) that the said judgment against this defendant is erroneous and void, because the record shows that there was not sufficient service upon this defendant to comply with Article XIV of the Amendments to the Constitution of the United States or with the laws of the Territory of Hawaii; (3) that the said judgment was erroneously and inadvertently taken, in that no service was in fact made upon the defendant, either personally or at his last and usual place of abode, as provided by the laws of the Territory of Hawaii in regard to service in garnishee proceedings; and (4) that the said judgment, both against the defendant and the garnishee, is void and entered without authority of law."

The motion was based upon the records in this and three other actions brought against the same defendant and the same garnishee and upon the affidavit of one R. A. Jordan. At the hearing of the motion the plaintiff, also "appearing specially," challenged the authority of Messrs. Castle & Withington to appear for the defendant. The record is silent as to what proceedings, if any, were had with reference to this challenge.

Subsequently the magistrate "denied defendant's motion as a whole." From that ruling defendant appealed to this court on points of law, the points being substantially those stated in the motion to quash.

In view of our conclusion on the other issues it is unnecessary to pass upon the question of counsel's authority to appear. It may be assumed in the defendant's favor that Messrs. Castle & Withington had the requisite authority.

Whether the evidence adduced was sufficient in law to support the judgment against the garnishee is a question which cannot be raised by the motion to set aside the judgment presented six months after judgment. At least two methods were open to defendant for obtaining a review of the finding. against the garnishee, that is, by appeal and by writ of error. It may be added, although perhaps it is not material, that at the date of the filing of the motion to set aside the judgment the time for suing out a writ of error had not expired.

Sec. 2114 of the Revised Laws, after prescribing the method of bringing the garnishee before the court, provides that "such notice" (summons) "shall be sufficient notice to the defendant to enable the plaintiff to bring his action to trial unless the defendant be an inhabitant of this Territory or has some time resided therein, and then a like copy shall be served personally upon him or left at his last or usual place of abode." Service on the defendant was made under this section. It is now contended on his. behalf that it should have been made under Act 34 of the Laws of 1909, amending Sec. 1723 of the Revised Laws and reading as follows:

"If the defendant was never an inhabitant of the Territory or has removed therefrom, or if after due diligence he cannot be found within the Territory of Hawaii and the fact shall appear by affidavit to the satisfaction of the court or a judge thereof at Chambers, and it shall in like manner appear that a cause of action exists against such defendant or that he is a necessary or proper party to the action, and that such defendant

has property situated within the Territory of Hawaii, such court or judge may grant an order that the service be made by publication of the summons."

Sec. 1723 R. L., as thus amended does not in our opinion apply to proceedings before district magistrates. The language used concerning "the court or a judge thereof at chambers" would be inappropriate if used with reference to district courts. District magistrates do not under our statutes sit "at chambers." It is Sec. 2114 that applies in such cases as that at bar.

The officer's return of the service made on the defendant was as follows: "Due and diligent search has been made for the within named H. L. Herbert, defendant, within the district of Honolulu, city and county of Honolulu, T. H., and he cannot be found. Upon information received said H. L. Herbert is now without the Territory of Hawaii. I therefore served defendant herein by leaving a true and attested copy thereof at his last and usual place of abode, to wit, at Mrs. Kearns, 184 S. Hotel street, Honolulu, this 2d day of July, 1909." On defendant's behalf it is contended that 184 S. Hotel street was not in truth the "last and usual place of abode" of the defendant, and in support of this contention reliance is had upon the affidavit of R. A. Jordan. If the correctness of an officer's return may be attacked at the time and in the manner in which this return is attacked, as to which no opinion is expressed, there is nothing in the affidavit to contradict the return. Jordan deposes that defendant is a married man with a family; that with his family he left Honolulu for Australia on August 22, 1908, "intending to make Australia his home;" that defendant and his family "have since been residents of Sydney, N. S. W., Australia;" that defendant "returned alone, without his family, on a business trip," on January 7, 1909, again leaving Honolulu for Australia on February 7, 1909, and has not since been within the Territory of Hawaii; that from January 7, 1909, to February 7, 1909, defendant "had a room at Mrs. Kearns at 184 S. Hotel street in said Honolulu, but that

his family had never lived or had their usual place of abode at said Mrs. Kearns at 184 S. Hotel street, but that the last and usual place of abode of said defendant within this Territory was at Waikiki." A place of abode within the meaning of Sec. 2114 is something less permanent with reference to its occupancy than a place of residence or a domicile. The latter terms as sometimes used in statutes signify a fixed home accompanied by an intention to remain for an indefinite time; but it is possible for one to have for a limited time a place of abode separate and distinct from his permanent residence or domicile. Upon the facts stated in the affidavit, the residence at Waikiki was wholly abandoned when defendant and his family departed for Australia, and when during the whole of the time of his subsequent visit to Honolulu the defendant occupied a room at 184 S. Hotel street, the latter became his last and usual place of abode. The requirements of Sec. 2114 were sufficiently complied with.

The summons was made returnable two days after the date of its issuance and in that respect complied with the requirements of R. L. Sec. 1705, that "All original writs shall be returnable not less than one nor more than six days from the date of issue."

The defendant's main contention is that the service prescribed by Sec. 2114 is not sufficient to meet the requirements of Article 14 (Article 5, perhaps, was intended) of the amendments to the constitution, securing to all persons "due process of law" in the taking of property. Notice and an opportunity to be heard are, of course, of the essentials of due process of law. When a judgment purely in personam is sought, personal service upon the defendant is indispensable; but when the proceeding is in rem or quasi in rem substituted service will suffice. A garnishment such as that in the case at bar, where the object sought is to apply the property of the defendant, to wit, the debt due to him by a third party, to the satisfaction

of his debt to the plaintiff, is a proceeding quasi in rem within the meaning of this rule. The state has the power to subject the property of a defendant, nonresident though he be, to the payment of debts due to its citizens, and in the exercise of that power "substituted service by publication, or in any other authorized form, may be sufficient to inform parties of the object of proceedings taken where property is once brought under the control of the court by seizure or some equivalent act. The law assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that its seizure will inform him not only that it is taken into the custody of the court but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale." *Pennoyer* v. *Neff*, 95 U. S. 714, 727. Leaving a copy of the summons at the last and usual place of abode of the defendant is one of the modes of service authorized by our law and is a mode prescribed by the statutes in many of the states and has long been deemed to be well calculated to give to a party alive to the protection of his property and to the performance of his duties notice of the institution of the proceeding against him. Notice by publication is, perhaps, a method more often used as a substitute for personal service, but there is no distinction in principle between the one method and the other. Neither is based on the theory that it will necessarily give actual notice to the defendant but merely that it will give such notice to himself or to his agents if he cares to take reasonable precautions for the protection of his property. A nonresident leaving credits or other property within the jurisdiction is charged with a knowledge of the law as to what the procedure will be when the state attempts to apply those credits or that property to the payment of his debts.

On this general subject see also *Cooper* v. *Reynolds*, 10 Wall. 308, 317, 318, 319; *Earle* v. *McVeigh*, 91 U. S. 503, 504; *Huling* v. *Kaw Valley Railway*, 130 U. S. 559, 563, 564; *Arndt* v.

*Griggs,* 134 U. S. 316, 321; *Dewey* v. *Des Moines,* 173 U. S. 193, 203; *Hartzell* v. *Vigen,* 6 N. D. 117, 130, 131; *Paper Company* v. *Shyer,* 108 Tenn. 444, 451, et seq.; *Douglass* v. *Insurance Co.,* 33 N. E. 938, 939, 940; *The Mary,* 9 Cr. 126; *Dillon* v. *Heller,* 39 Kans. 599; *Matter of the Empire City Bank,* 18 N. Y. 199, 215, 216; *Journey* v. *Dickerson,* 21 Ia. 308, 311, 312; and *Byrne* v. *Allen,* 10 Haw. 668.

In our opinion the service provided for by Sec. 2114 meets the requirements of due process of law.

The judgment denying the motion is affirmed.

*C. F. Peterson* for plaintiff.

*Castle & Withington* for defendant.