HOOMANA NAAUAO O HAWAII, AN HAWAIIAN CORPORATION, BY J. E. K. MAIA, A. L. NAKEA, D. K. DIAMOND, A. I. BRIGHT, ROBERT AKANA, J. A. HOOKAMA, F. A. KAKALIA, M. K. KANEIAKALA AND ISAIA POAI, PLAINTIFFS, *v.* W. S. J. O. MAKEKAU, J. ISERAELA, L. R. KEKUEWA, MRS. KAHALEWEHI BAKER, G. NICHOLAS, H. PELE, SAMUEL KEANU, ALEX. GEORGE AND W. E. EDMUNDS, DEFENDANTS; STANLEY STEPHENSON, PACIFIC ENGINEERING CO., LTD., AN HAWAIIAN CORPORATION, JAMES BICKNELL, AS AUDITOR OF THE CITY AND COUNTY OF HONOLULU, J. F. BOWLER AND C. INGVORSEN, COPARTNERS AS BOWLER & INGVORSEN, GARNISHEES.

No. 1287.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED SEPTEMBER 2, 1920.          DECIDED SEPTEMBER 14, 1920.

COKE, C. J., EDINGS, J., AND CIRCUIT JUDGE DEBOLT IN PLACE OF KEMP, J., ABSENT.

PROCESS—*copy to be served on defendant.*
>The copy of process served on the defendant need not be an exact counterpart of the original. Clerical errors will not affect the jurisdiction of the court when the defendant has not been misled thereby.

Opinion of the Court.

SAME—*same.*

>    . But where the statute requires that the original must bear the signature of the magistrate or his clerk and the purported copy is entirely unsigned it is fatally defective.

SAME—*same.*

>    It is the copy of the summons alone that brings the party into court and he is justified in assuming that it is in all respects like the original.

APPEARANCE—*effect of special appearance.*

>    A defendant may appear specially and move to quash the service without submitting himself to the jurisdiction of the court other than for the purpose of prosecuting his motion.

COURTS—*alias summons.*

>    District courts are created by statute and are of limited jurisdiction. They possess no authority to issue an alias summons after the return day of the original has expired.

OPINION OF THE COURT BY COKE, C. J.

This cause was instituted in the district court of Honolulu by the plaintiffs against the defendants and the garnishees. The copies of summons served on the defendants Nicholas and George were defective in that they did not contain the day of the month upon which the summons was issued nor the name of the magistrate or his clerk. The concluding paragraph of these copies reads as follows: "Given under my hand this day of May, 1920.                    Clerk District Court of Honolulu, City and County of Honolulu, Territory of Hawaii," while the original reads: "Given under my hand this 29th day of May, 1920. D. K. Kaeo, Clerk District Court of Honolulu, City and County of Honolulu, Territory of Hawaii." On the return day the defendants Nicholas and George appeared specially by their counsel in the district magistrate's court and subsequently, to wit, on the 16th day of June, 1920, under their special appearance aforesaid, they interposed a motion to quash the service of the summons upon them be-

cause of the defects in the copies of the summons above
mentioned.   The plaintiffs thereupon filed a motion ad-
dressed to the court for an order amending the defective
copies of the summons to correspond with the original
thereof, and plaintiffs further moved, in case of the denial
of their motion to amend, for the issuance of an alias
summons to be served on said two defendants.   These
motions were disallowed by the magistrate and the mo-
tion to quash was thereupon granted and the complaint
and cause dismissed as to the said two defendants. From
the judgment of dismissal the plaintiffs have perfected
an appeal to this court upon the two points of law above
designated.   The facts as herein outlined are not in dis-
pute.

Under our statute all original writs issued out of the
district court shall be returned not less than one nor
more than six days from the date of the issuance.   It
will be noted that the motion to amend or to allow the
alias summons was not presented until some days after
the expiration of the return day.   Section 2337 R. L.
1915, as amended by Act 105 S. L. 1915, requires that
the summons shall be signed by the magistrate of the
court or by the duly appointed clerk of such court.   The
purpose of the service of the copy of the summons is of
course to notify the defendant of the proceedings and of
the time and place at which he is required to appear, as
well as the nature of the claim against him, and the
name of the court before which the proceedings are
pending.   If he is not served with a copy of the process
the court acquires no jurisdiction over him and no
valid judgment can be rendered against him.   The copy
served on the defendant need not be an exact counterpart
of the original summons.   Clerical errors will not affect
the jurisdiction of the court where defendant has not
been misled thereby.   All that is required is that the
copy should be substantially correct.   But where the

statute requires that the original must bear the signature of the magistrate or his clerk and the purported copy is entirely unsigned it is fatally defective. A case illustrating this is *Jones* v. *Marshall*, 43 Pac. 840. See also *Stayton* v. *Newcomer*, 44 Am. Dec. 524. It is the copy of the summons alone that brings the party into court, and he is justified in assuming that it is in all respects like the original. Clearly under our statute where the copy of the summons served bears no signature it cannot be held to be a proper notification to the defendant and he might safely ignore it, or, perhaps, with more propriety, as the defendants herein did, appear specially and move to quash the service for generally speaking the law is more strict where the question is raised at the outset, than where it is not raised until after judgment. To emphasize let us assume that the original was not authenticated by the signature of the magistrate or his clerk. In that case could a valid judgment of default be rendered against the defendants? We think not. The same question was before the supreme court of the State of Iowa in *Hoitt* v. *Skinner*, 99 Ia. 360. The statute of that State provides that "actions in courts of record shall be commenced by serving defendant with a notice signed by the plaintiff or his attorney" just as our statute provides that in district courts process shall be signed by the magistrate or his clerk. In the Iowa case the copy of the process served upon the defendants did not contain the signature of either the plaintiff or his attorney. The Iowa court deals with the question in the following language: "It seems clear to us that, unless the copies show that the original was authenticated by the signature of the plaintiff or his attorneys, the defendants were not bound to recognize it as a legal notice. They knew the notice only as shown by the copy and surely had the original been, as these copies represented it to be, without signa-

ture, the court would have refused a default and judgment. * * * Our conclusion is that because of the omission to show in the copy served that the original was signed by the plaintiff's attorneys it is as though no notice had been served and the court was therefore without jurisdiction", etc. See also *Steedle* v. *Woolston*, 88 N. J. L. 91; *Wong Kee* v. *Lillis*. 138 Pac. 900; *Lindsay* v. *Board of Commissioners*, 56 Kans. 630. Counsel for appellants cite *Hackfeld* v. *Coerper*, 18 Haw. 587, as authority supporting their contention that the district magistrate should have allowed their motion to amend even though the defendants appeared specially. In the *Hackfeld-Coerper* case there was a motion to quash the summons on the ground that the copy served upon the defendant did not contain the copy of the signature of the magistrate and this court held that the motion should have been granted. But defendant in that case had appeared generally and this of course conferred jurisdiction over him. It is true in the opinion the court stepped aside from the issues involved and from the record to remark that the motion should have been granted even had the defendant appeared specially. This statement of the court is clearly dicta and while we are familiar with the rule that dictum of a court is always entitled to respect and often to great weight, yet we are compelled to hold that the dicta in the *Hackfeld-Coerper* case gave voice to an unsound principle of law. If by reason of the service of a defective process on a defendant the court does not acquire jurisdiction over the person of the defendant the great weight of authority is that the defendant may appear specially and move to quash the service without submitting himself to the jurisdiction of the court other than for the purpose of prosecuting his motion. "Irregularity in a proceeding by which jurisdiction is to be obtained is in no case waived by the special appearance of the defendant for the purpose of calling the attention of the court to

such irregularity." *Goldey* v. *Morning News*, 156 U. S. 518; *Harkness* v. *Hyde*, 98 U. S. 476; *Southern Pacific* v. *Denton* 146 U. S. 202; *Mexican Cent. Ry.* v. *Pinkney*, 149 U. S. 194. "A general or voluntary appearance is equivalent to service of process and confers jurisdiction of the person on the court." But "where the appearance is made for the purpose of objecting to the jurisdiction * * * for defects in the service * * * such special appearance does not, as a rule, give the court jurisdiction of the person." (3 Cyc. 515, 527.) Of course by the general appearance of the defendant in the *Hackfeld-Coerper* case, *supra,* complete jurisdiction was acquired by the court and the amendment was perhaps proper. But had the defendant appeared specially, as the defendants in this case have done, we cannot agree with the doctrine that his status would have been the same.

The second point relied upon by appellants questions the correctness of the magistrate's refusal to issue an alias summons to be served upon the defendants Nicholas and George. District courts are created by statute and are of limited jurisdiction. They possess no authority to issue an alias summons after the return day of the original has expired.

We are mindful of the modern tendency to temper early day strict rules appertaining to pleading and practice, especially in courts not of record, but we are unwilling to endorse any lax or careless procedure affecting the present rule requiring that every defendant against whom suit is instituted must be served with proper and legal process, unless by voluntary general appearance he submits himself to the court's jurisdiction.

The result of our conclusions is that the judgment appealed from ought to be and the same is affirmed.

*Watson & Clemons* for plaintiffs.

*Robertson, Castle & Olson* and *Marguerite K. Ashford* for defendants.