W. K. RICHARDSON *v.* ADAM PALI, DEFENDANT, AND SAM ALO, AUDITOR OF THE COUNTY OF MAUI, GARNISHEE.

No. 2343.

SUBMITTED SEPTEMBER 23, 1937.            DECIDED OCTOBER 18, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

On November 18, 1936, the plaintiff-appellant W. K. Richardson instituted an action in the district court of Lahaina, County of Maui, against the defendant-appellee Adam Pali, naming the auditor of the County of Maui as garnishee. The defendant was at the time residing with his wife Juliette Pali at their home at Lahaina, Maui. Process was duly issued by the magistrate and placed in the hands of a police officer for service. The officer did not make personal service on the defendant but served him by deliv-

ering a certified copy of the complaint and summons to Mrs. Pali at the home of defendant. The summons was made returnable November 24, 1936. On the latter date the cause came on for hearing before the district magistrate and there being no appearance by defendant an *ex parte* judgment was rendered against him for the full amount of the plaintiff's claim. On November 30, 1936, defendant appeared before the magistrate and moved to set aside and vacate the judgment on the ground that he had never been legally served with process and the court was therefore without jurisdiction to render judgment. After hearing the magistrate denied the motion and defendant perfected an appeal to the circuit court of the second judicial circuit on the single point of law, namely, that the district magistrate committed error in overruling the motion to vacate. At the hearing on appeal the circuit court found that there was no legal service of process upon the defendant as required by law. The court granted defendant's motion to vacate the judgment rendered in the district court. From the decision of the circuit court the plaintiff has brought the cause to this court by exception.

The sole question for determination presented by this appeal is whether in an action of assumpsit the district magistrate acquired jurisdiction over the person of the defendant, a government beneficiary as defined by section 4290, R. L. 1935, where the summons issued by the magistrate therein, though served upon the garnishee, was not served personally upon the beneficiary but a copy thereof, unknown to the beneficiary and during his temporary absence therefrom, was left by the serving officer at the beneficiary's home although the beneficiary was an inhabitant of the Territory and his home situate within the judicial district of the magistrate issuing summons and neither the summons so issued nor the copy thereof so left at his home

came to the knowledge of the beneficiary until after judgment.

The provisions of law applicable to service of summons issued in actions where a garnishment of government beneficiaries is involved are to be found in sections 4296 and 4298, R. L. 1935, the former referring to service on the garnishee, the latter to service on the beneficiary. For the present with the latter we are alone concerned. It provides: "Service of process upon such beneficiary may be made as has been usual or shall be provided in the case of civil actions in general." The section quoted as originally enacted is section 7 of Act 50 of the Session Laws of 1890. The "usual" method of service of garnishee process obtaining in 1890 was as provided by section 1 of Act 35 of the Session Laws of 1876. This section, as amended subsequent to 1890, may be found in the revision of 1935 as section 4270. None of the subsequent amendments affect the provisions as to service of process. In section 4270, after reciting the circumstances under which a debtor in its petition for process may request the court to insert a direction to the officer serving the same to leave a true and attested copy thereof with the garnishee, it is expressly provided that the "summons and direction shall be signed and issued as is usual in other civil process. It shall be served according to such direction. * * * Such notice shall be sufficient notice to the defendant to enable the plaintiff to bring his action to trial, unless the defendant be an inhabitant of the Territory or has some time resided therein, in which case a like copy shall be served personally upon him or left at his last and usual place of abode." It would appear at first blush as though personal service or substituted service by leaving a copy at the defendant's last and usual place of abode was optional under the provisions of section 4270. But further scrutiny of alternative provisions of residence and nonresidence in juxtaposition

to the alternative method of service indicates that the alternative methods of service depend upon the alternative conditions of residence, that is to say if the defendant be an inhabitant of the Territory a copy of the process shall be served personally upon him but if he is not an inhabitant of the Territory but has some time resided therein a copy of process may be left at his last and usual place of abode. Obviously the phrase "has some time resided therein" implies that he has ceased to be an inhabitant of the Territory. And in our opinion the "service of process" upon a beneficiary in order that it be made "as has been usual" within the meaning of section 4298, where the beneficiary is an inhabitant of the Territory and resides within the judicial district of the magistrate issuing summons, must be served personally.

But section 4298 also admits of service of process upon the beneficiary by the alternative method "provided in the case of civil actions in general." In our opinion, however, the law applicable to civil cases generally does not admit of service of summons upon a beneficiary as was done in this case. It is true that the garnishee statutes alone prescribe the method of service of process issued by district magistrates in actions of assumpsit where garnishment is prayed and that where garnishment is not involved the statutes are silent on the subject of service of process. But under the provisions of section 14 of Act 57 of the Session Laws of 1892, included in the compilation, as amended, as section 4000, R. L. 1935, this court has held that in civil actions in general the defendant is entitled to notice which sufficiently advises him that "the original writ had been issued by the magistrate" and "that judgment would be entered against him if he failed to attend at the time and place named." *Hackfeld* v. *Coerper,* 18 Haw. 585, 587. Hence it is that merely leaving a copy of the summons at

the home of the defendant who is an inhabitant of the Territory and resides within the judicial district of the magistrate issuing summons does not, without more, constitute the service of summons contemplated by law. Obviously if a copy of the summons is left at the home of the defendant and it comes to his knowledge prior to the return day named therein then he will have had notice that "the original writ had been issued by the magistrate" and "that judgment would be entered against him if he failed to attend at the time and place named." But where, as here, it affirmatively appears that unknown to the defendant and during his temporary absence therefrom a copy of the summons is left by the serving officer at the defendant's home and neither the summons nor such copy comes to his knowledge prior to judgment the defendant has not had the notice required by law.

The case of *Bicknell* v. *Herbert*, 20 Haw. 132, is clearly distinguishable from the instant case. In that case it appeared that the garnishee was served but that the defendant, after due and diligent search, could not be found and under such circumstances it was perfectly proper under the statute applicable to service of process of courts of record for the serving officer to leave a copy of the summons at the defendant's last and usual place of abode. But that is not this case. Here the defendant was an inhabitant of the Territory and resided within the judicial district of the magistrate issuing process. It does not appear that any search, diligent or otherwise, was made to ascertain his whereabouts and to make service of process upon him. It affirmatively appears that the copy of the summons left at his home was not called to his attention until after judgment and that he had no prior notice of its existence.

Under the circumstances the service as made upon the beneficiary in this case did not comply with the provisions

of section 4298, *supra,* having neither been made "as has been usual" nor as "provided in the case of civil actions in general."

The exception alleged is overruled.

*Wendell F. Crockett* for plaintiff.

*E. Vincent* for defendant.